IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| EDWARD NEAL THOMPSON, | * |
| | * |
| Plaintiff, | * |
| | * |
| v. | * |
| | * |
| ESTATE OF VERNELL BRIAN | * CIVIL ACTION NO. 3:06-CV-907-MEF |
| MORRIS, Deceased, LORI ANN | * |
| MORRIS, ADMINISTRATOR, | * |
| PANTHER II TRANSPORTATION, | * |
| et al., | * |
| | * |
| Defendants. | * |

## NOTICE OF REMOVAL

COME NOW the Defendants, and remove this case to the United States District Court for the Middle District of Alabama, Eastern Division. In support of said removal, the Defendants state as follows:

1. The Plaintiff, according to the allegations of the Complaint, is a citizen of Geneva County, Alabama.

2. At the time of the accident at issue in this case, the deceased Defendant, Vernell Brian Morris, was a citizen of the State of Louisiana. His estate is represented by Lori Ann Morris, a citizen of the State of Louisiana.

3. Defendant Panther II Transportation is an Ohio corporation with its principle place of business located in the State of Ohio.

4. Defendant Lafayette Investments, Inc., is a Missouri corporation with its principle place of business in Bates City, Missouri.

5. Jurisdiction for this cause is based upon diversity of citizenship pursuant to 28 U.S.C. § 1332(a) and 28 U.S.C. § 1441(a). The Complaint filed by the Plaintiff asserts four counts, each demanding damages "in the amount of $75,000.00, and costs."

6. In addition to the complete diversity, the Defendants assert that the Complaint seeks an amount in controversy greater than $75,000.00, exclusive of interest and costs.

7. Upon filing of this notice, the Defendants have given written notice thereof to the attorney for the Plaintiff. Further, the Defendants have filed a copy of the removal pleadings and notice with the Circuit Court of Macon County, Alabama, all in accordance with applicable law.

WHEREFORE, the Defendants pray that the removal of said cause to the United States District Court for the Middle District of Alabama, Eastern Division, be affected and no further or other proceeding may be had with respect to this matter in the Circuit Court of Macon County, Alabama, pending a final decision and determination of controversy in the United States District Court.

Respectfully submitted this the ___6th___ day of October, 2006.

_____
S. ANTHONY HIGGINS (HIG014)
Attorney for Defendants

OF COUNSEL:
NIX HOLTSFORD GILLILAND HIGGINS & HITSON, P.C.
P. O. Box 4128
Montgomery, Alabama 36103
Tel: 334-215-8585
Fax: 334-215-7101

2

## CERTIFICATE OF SERVICE

I hereby certify that an exact copy of the foregoing instrument has been served on:

Henry F. Lee, III, Esq.
P. O. Box 129
Geneva, AL 36340

either by facsimile or by placing a copy of same in the United States Mail, postage prepaid and properly addressed on this the 6th day of October, 2006.

_____
OF COUNSEL

IN THE CIRCUIT COURT OF MACON COUNTY, ALABAMA

EDWARD NEAL THOMPSON, )
)
    Plaintiff, )
)
)
)
vs. )   CIVIL ACTION NO. CV-06- 178
)
)
)
)
)
ESTATE OF VERNELL BRIAN MORRIS, Deceased, Lori Ann Morris, Administratrix; PANTHER II TRANSPORTATION, INC.; LAFAYETTE INVESTMENTS, INC.; and Fictitious Parties A, B, and C, being the person, persons, limited liability company, limited liability partnership, partnership or corporation for whom Vernell Brian Morris was acting within the line and scope of his employment; Fictitious Parties D, E, and F, being the person, persons, limited liability company, limited liability partnership, partnership or corporation who owned the vehicle being operated by Vernell Brian Morris at the time of the accident made basis of this Complaint; G, H, and I, being the person, persons, limited liability partnership, partnership or corporation, who maintained the vehicle driven by Vernell Brian Morris at the time of the accident made basis of this Complaint; J, K, and L, being the person, persons, limited liability company, limited liability partnership, partnership or corporation, who negligently hired, trained, retained and supervised Vernell Brian Morris; M, N, and O, being the person, persons, limited liability company, limited liability partnership, partnership or corporation, who negligently entrusted the vehicle driven by Vernell Brian Morris at the time of the accident made basis of this Complaint; all of whose names are otherwise unknown to Plaintiff at this time but will be added by Amendment when correctly ascertained.

)
    Defendants. )

## COMPLAINT

1. The Plaintiff, Edward Neal Thompson, is over the age of nineteen (19) years and a resident of Geneva County, Alabama.

2. The Defendant, Estate of Vernell Brian Morris, Deceased, is represented by Lori Ann Morris, Administratrix of said estate as appointed by the Parish of East Baton Rouge, Louisiana.

3. The Defendant, Panther II Transportation, Inc., is an Ohio Corporation with its principle place of business located in the State of Ohio.

4. The Defendant, Lafayette Investments, Inc., is a Missouri Corporation, with its principle place of business being in Bates City, Missouri, and is believed to be the owner of that certain vehicle being operated by Vernell Brian Morris on the occasion made the basis of this suit.

5. Fictitious parties A, B, and C, being the person, persons, limited liability company, limited liability partnership, partnership or corporation for whom Vernell Brian Morris was acting within the line and scope of his employment at the time of the accident made basis of this Complaint whose names are otherwise unknown to Plaintiff at this time but will be added by Amendment when correctly ascertained.

6. Fictitious parties, D, E, and F, being the person, persons, limited liability company, limited liability partnership, partnership or corporation who owned the vehicle being operated by Vernell Brian Morris at the time of the accident made basis of this Complaint whose names are otherwise unknown to Plaintiff at this time but will be added by Amendment when correctly ascertained.

7. Fictitious parties G, H, and I, being the person, persons, limited liability partnership, partnership or corporation who maintained the vehicle driven by Vernell Brian Morris at the time of the accident made basis of this complaint whose names are otherwise unknown to Plaintiff at this time but will be added by Amendment when correctly ascertained.

8. Fictitious parties J, K, and L, being the person, persons, limited liability company, limited liability partnership, partnership or Corporation, who negligently hired, trained, retained, and supervised Vernell Brian Morris whose names are otherwise unknown to Plaintiff at this time but will be added by Amendment when correctly ascertained.

9. Fictitious parties M, N, and O, being the person, persons, limited liability company, limited liability partnership, partnership or corporation, who negligently entrusted the vehicle driven by Vernell Brian Morris at the time of the accident made basis of this complaint, all of whose names are otherwise unknown to Plaintiff at this time but will be added by Amendment when correctly ascertained.

## COUNT I

10. On or about September 2, 2004, the Plaintiff, Edward Neal Thompson, was operating a tractor-trailer vehicle traveling northeast on Interstate 85 (I-85) in Macon County, Alabama, near its intersection with Macon County Roads, 30 and 93.

11. At said time and place, a tractor-trailer vehicle owned by the Defendant, Lafayette Investments, Inc., and operated by Vernell Brian Morris, Deceased, while acting within the line and scope of his employment with Defendants, Panther II Transportation, Inc., and/or Lafayette Investments, Inc., and/or fictitious parties, A, B, and C, was or had been traveling north on Interstate 85 (I-85).

12. At said time and place, Vernell Brian Morris negligently and/or wantonly caused or allowed the tractor-trailer driven by him to overturn and block travel north and east bound on Interstate 85 (I-85).

13. Plaintiff, Edward Neal Thompson, avers that Vernell Brian Morris failed to maintain proper control of his tractor-trailer rig by allowing the same to overturn and block passage in a north and easterly direction on Interstate 85 (I-85).

14. Plaintiff, Edward Neal Thompson, avers that as a direct and proximate result of the negligence and/or wantonness of Vernell Brian Morris, the vehicle operated by Plaintiff, Edward Neal Thompson, was caused to collide with the vehicle operated by Vernell Brian Morris.

15. Plaintiff, Edward Neal Thompson, avers that as a direct and proximate consequence of the aforesaid negligence and/or wantonness, Plaintiff, Edward Neal Thompson, received the following injuries and damages, to-wit:

> He was knocked, shocked, bruised and contused; he suffered an injury to his neck and back; he was made sick, sore and lame in various and separate parts of his body; he has incurred hospital, physicians and medical expenses for the treatment of his injuries and will in the future incur additional hospital, physicians and medical expenses; he has experienced physical pain and mental anguish as a result of this accident and will in the future experience pain and mental anguish; he was permanently injured; and his capacity to enjoy life and to participate in social and/or physical activities which he previously engaged in has been reduced.

**WHEREFORE**, Plaintiff, Edward Neal Thompson, claims judgment for compensatory damages against the Defendants, jointly and severally, in the amount of $75,000.00, and costs.

## COUNT II

16. Plaintiff adopts by reference all previous paragraphs into this Count as if set forth herein in its entirety.

17. Plaintiff, Edward Neal Thompson, avers that Defendants, Panther II Transportation, Inc., Lafayette Investments, Inc., and/or fictitious parties A, B and C and/or D, E, and F and/or J, K and L, negligently hired, trained, retained and supervised Vernell Brian Morris in its employ.

18. Plaintiff, Edward Neal Thompson, avers that as a direct and proximate cause of Defendants' negligent hiring, training, retention, and supervision of the said Vernell Brian Morris, Defendants' negligently and/or wantonly allowed the vehicle driven by Vernell Brian Morris to block the roadway causing the vehicle operated by Plaintiff, Edward Neal Thompson, to collide with said vehicle.

19. Plaintiff, Edward Neal Thompson, avers that as a proximate cause of the above mentioned negligence and/or wantonness, the Plaintiff, Edward Neal Thompson, suffered the following injuries and damages, to-wit:

> He was knocked, shocked, bruised and contused; he suffered an injury to his neck and back; he was made sick, sore and lame in various and separate parts of his body; he has incurred hospital, physicians and medical expenses for the treatment of his injuries and will in the future incur additional hospital, physicians and medical expenses; he has experienced physical pain and mental anguish as a result of said accident and will in the future experience pain and mental anguish; he was permanently injured; and his capacity to enjoy life and to participate in social and/or physical activities which he previously engaged in has been reduced.

**WHEREFORE**, Plaintiff, Edward Neal Thompson, demands judgment against Defendants, Panther II Transportation, Inc., and Lafayette Investments, Inc., and fictitious parties A, B, and C and/or D, E, and F and/or J, K and L, in the amount of $75,000.00, and costs.

## COUNT III

20. Plaintiff adopts by reference all previous paragraphs into this Count as if set forth herein in its entirety.

21. Plaintiff, Edward Neal Thompson, claims that Defendants, Panther II Transportation, Inc., and Lafayette Investments, Inc., and fictitious parties M, N, and O, who negligently entrusted the tractor-trailer vehicle to Vernell Brian Morris while knowing said Vernell Brian Morris to be a reckless and heedless driver.

22. Plaintiff, Edward Neal Thompson, avers that as a direct and proximate consequence of said negligent entrustment, Vernell Brian Morris negligently and/or wantonly allowed his vehicle to overturn and block passage on Interstate 85 (I-85) causing it to collide with a vehicle operated by Plaintiff, Edward Neal Thompson.

23. Plaintiff, Edward Neal Thompson, avers that as a result of said negligence and/or wantonness, Defendants, Panther II Transportation, Inc., and Lafayette Investments, Inc., and/or fictitious parties M, N, and O, negligently and/or wantonly caused Plaintiff, Edward Neal Thompson, to suffer the following injuries and damages, to-wit:

> He was knocked, shocked, bruised and contused; he suffered an injury to his neck and back; he was made sick, sore and lame in various and separate parts of his body; he has incurred hospital, physicians and medical expenses for the treatment of his injuries and will in the future incur additional hospital, physicians and medical expenses; he has experienced physical pain and mental anguish as a result of said accident and will in the future experience pain and mental anguish; he was

permanently injured; and his capacity to enjoy life and to participate in social and/or physical activities which he previously engaged in has been reduced.

**WHEREFORE**, Plaintiff, Edward Neal Thompson, demands judgment against the Defendants, Panther II Transportation, Inc., and Lafayette Investments, Inc., and fictitious parties M, N, and O, in the amount of 75,000.00, and costs.

### COUNT IV

24. Plaintiff adopts by reference all previous paragraphs into this Count as if set forth herein in its entirety.

25. Plaintiff, Edward Neal Thompson, claims that Defendants, Panther II Transportation, Inc., and Lafayette Investments, Inc., and fictitious parties G, H, and I, failed to properly maintain the tractor-trailer vehicle that Vernell Brian Morris was in possession of at the time of the occasion made the basis of this suit.

26. Plaintiff, Edward Neal Thompson, avers that as a direct and proximate result of Defendants' failure to properly maintain the tractor-trailer operated by Brian Vernell Morris at the time of the occasion made the basis of this suit, Vernell Brian Morris lost control of his tractor-trailer vehicle allowing it to overturn and block passage on Interstate 85 (I-85) which caused it to collide with the vehicle Plaintiff, Edward Neal Thompson, was operating on said occasion.

27. Plaintiff, Edward Neal Thompson, avers that as a result of Defendants' failure to properly maintain the tractor-trailer vehicle of which Vernell Brian Morris was in possession at the time of and on the occasion made the basis of this accident, Plaintiff, Edward Neal Thompson, suffered the following injuries and damages, to-wit:

> He was knocked, shocked, bruised and contused; he suffered an injury to his neck and back; he was made sick, sore and lame in various and separate parts of his body; he has incurred hospital, physicians and medical expenses for the treatment of his injuries and will in the future incur additional hospital, physicians and medical expenses; he has experienced physical pain and mental anguish as a result of said accident and will in the future experience pain and mental anguish; he was permanently injured; and his capacity to enjoy life and to participate in social and/or physical activities which he previously engaged in has been reduced.

**WHEREFORE**, Plaintiff, Edward Neal Thompson, demands judgment against the Defendants, Panther II Transportation, Inc., and Lafayette Investments, Inc., and fictitious parties G, H, and I, in the amount of 75,000.00, and costs.

HENRY F. LEE, III, P.C.

_____
Henry F. Lee, III (LEE009)
Attorney for Plaintiff
The Latimer House
P.O. Box 129
Geneva, Alabama  36340
Telephone: (334) 684-6260 or 684-6406
Telecopier: (334) 684-2602

Plaintiff demands a trial of this cause by a struck jury.

_____
Of Counsel