IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA RECEIVED
EASTERN DIVISION

2006 OCT -6  P 3: 51

EDWARD NEAL THOMPSON,              *
                                   *
        Plaintiff,                 *
                                   *
v.                                 *
                                   *
ESTATE OF VERNELL BRIAN            * CIVIL ACTION NO. 3:06-CV-907-MEF
MORRIS, Deceased, LORI ANN         *
MORRIS, ADMINISTRATOR,             *
PANTHER II TRANSPORTATION,         *
et al.,                            *
                                   *
        Defendants.                *

## ANSWER OF THE ESTATE OF VERNELL BRIAN MORRIS

COMES NOW the Defendant, by and through counsel, and answers the Plaintiff's

Complaint as follows:

1.  The Defendant has insufficient information or knowledge to admit or deny the

allegations of this paragraph.  Accordingly, all allegations of this paragraph are denied at

this time.

2.  Admitted.

3.  Admitted.

4.  Admitted.

5.  This paragraph requires no response from this Defendant at this time.  The

Defendant denies all liability and demands strict proof thereof.

6.  This paragraph requires no response from this Defendant at this time.  The

Defendant denies all liability and demands strict proof thereof.

7. This paragraph requires no response from this Defendant at this time. The Defendant denies all liability and demands strict proof thereof.

8. This paragraph requires no response from this Defendant at this time. The Defendant denies all liability and demands strict proof thereof.

9. This paragraph requires no response from this Defendant at this time. The Defendant denies all liability and demands strict proof thereof.

## COUNT ONE

10. Admitted upon current information and belief.

11. The Defendant denies all liability and demands strict proof thereof.

12. The Defendant denies all liability and demands strict proof thereof.

13. The Defendant denies all liability and demands strict proof thereof.

14. The Defendant denies all liability and demands strict proof thereof.

15. The Defendant denies all liability and demands strict proof thereof.

## COUNT TWO

16. Admitted or denied as set forth above.

17. The Defendant denies all liability and demands strict proof thereof.

18. The Defendant denies all liability and demands strict proof thereof.

19. The Defendant denies all liability and demands strict proof thereof.

## COUNT THREE

20. Admitted or denied as set forth above.

21. The Defendant denies all liability and demands strict proof thereof.

22. The Defendant denies all liability and demands strict proof thereof.

23.  The Defendant denies all liability and demands strict proof thereof.

## COUNT FOUR

24.  Admitted or denied as set forth above.

25.  The Defendant denies all liability and demands strict proof thereof.

26.  The Defendant denies all liability and demands strict proof thereof.

27.  The Defendant denies all liability and demands strict proof thereof.

## DEFENSES

1.  The Defendant pleads the general issue.

2.  The Defendant pleads the defense of contributory negligence.

3.  The Defendant pleads the defense of assumption of the risk.

4.  The Defendant pleads the last clear chance doctrine as a defense.

5.  The Defendant asserts that the injuries suffered by the Plaintiff may have been caused by the actions or inactions of third parties.

6.  The Defendant asserts that the Plaintiff failed to keep a proper look-out.

7.  The Defendant pleads lack of personal jurisdiction as a defense.

8.  The Defendant pleads lack of subject matter jurisdiction as a defense.

9.  The Defendant pleads that venue may be improper in this case.

10.  To the extent the Plaintiff seeks the recovery of punitive damages, said damages are subject to the restrictions found in the United States Constitution and the Code of Alabama.

## CONSTITUTIONAL DEFENSES

1.      It is a violation of the Due Process and Equal Protection Clauses of the Fourteenth Amendment of the United States Constitution to impose punitive damages, which

are penal in nature, against a civil defendant upon the plaintiffs' satisfying a burden of proof which is less than the "beyond a reasonable doubt" burden of proof required in criminal cases;

2.     The procedures pursuant to which punitive damages are awarded may result in the award of joint and several judgments against multiple defendants for different alleged acts of wrongdoing, which infringes the Due Process and Equal Protection Clauses of the Fourteenth Amendment of the United States Constitution;

3.     The procedures pursuant to which punitive damages are awarded fail to provide a reasonable limit on the amount of the award against defendant, which thereby violates the Due Process Clause of the Fourteenth Amendment of the United States Constitution;

4.     The procedures pursuant to which punitive damages are awarded fail to provide specific standards for the amount of the award of punitive damages, which thereby violates the Due Process Clause of the Fourteenth Amendment of the United States Constitution;

5.     The procedures pursuant to which punitive damages are awarded result in the imposition of different penalties for the same or similar acts and, thus, violate the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution;

6.     The procedures pursuant to which punitive damages are awarded permit the imposition of punitive damages in excess of the maximum criminal fine for the same or similar conduct, which thereby infringes the Due Process Clause of the fifth and fourteenth Amendments and the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution; and

7.     The procedures pursuant to which punitive damages are awarded permit the imposition of excessive fines in violation of the Eighth Amendment of the United States Constitution.

8.    Defendant avers that the Plaintiffs' demand for punitive damages in the instant case is subject to those limitations established by the Alabama Legislature and set forth at § 6-11-21, Ala. Code 1975.

9. The Defendant asserts that any punitive damages awarded against joint tortfeasors in this case should be apportioned according to each Defendant's proportionate degree of culpability. Any recovery of punitive damages by execution from a Defendant who does not deserve a penalty or who deserves a lesser penalty based upon his or her fault, others who may be culpable and deserving of the penalty go unpunished, is unconstitutional and inconsistent with the policy underlying punitive damages in Alabama.

_____
S. ANTHONY HIGGINS (HIG014)
Attorney for Defendants

OF COUNSEL:
NIX HOLTSFORD GILLILAND HIGGINS & HITSON, P.C.
P. O. Box 4128
Montgomery, Alabama 36103
Tel: 334-215-8585
Fax: 334-215-7101

## CERTIFICATE OF SERVICE

I hereby certify that an exact copy of the foregoing instrument has been served on:

Henry F. Lee, III, Esq.
P. O. Box 129
Geneva, AL 36340

either by facsimile or by placing a copy of same in the United States Mail, postage prepaid and properly addressed on this the ___6th___ day of ___October___, 2006.

_____
OF COUNSEL