IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| EDWARD NEAL THOMPSON, | * |
| Plaintiff, | * |
| v. | * |
| ESTATE OF VERNELL BRIAN MORRIS, Deceased, LORI ANN MORRIS, ADMINISTRATOR, PANTHER II TRANSPORTATION, et al., | * CIVIL ACTION NO. 3:06-cv-907-MEF |
| Defendants. | * |

**RESPONSE OF DEFENDANTS TO MOTION TO REMAND**[1]

COME NOW the Defendants, by and through counsel, and submit the following in opposition to the Motion to Remand filed by the Plaintiff in this case.

1. In the case at bar, the Defendants have sought federal removal jurisdiction based upon diversity of citizenship. See, 28 U.S.C. §§ 1332(a), 1441(b). A federal district court has diversity jurisdiction over cases involving citizens of different states where the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

2. The Plaintiff has filed a Motion to Remand in this case which does not contest diversity, but asserts that the amount in controversy requirement of $75,000.00 has not been met in this case. The Complaint filed by the Plaintiff asserts claims against the three

---

[1]Defense counsel notes that the issues raised regarding the removal in this case are identical to the companion case of *William Tidwell v. Estate of Vernell Brian Morris, et al.*, Case No. 3:06-cv-900-MHT, currently pending before Judge Thompson. Tidwell was a passenger in the vehicle operated by Thompson.

Defendants for (1) negligence and/or wantonness with respect to the accident, (2) negligent hiring, training, retention and supervision, (3) negligent entrustment, and (4) a claim that the equipment operated by the decedent, Vernell Brian Morris, was not properly maintained. Each of the four counts expressly states a separate claim for damages. Count One "claims judgment for compensatory damages against the Defendants, jointly and severally, in the amount of $75,000.00 and costs." Counts Two, Three and Four "demands judgment against Defendants, Panther II Transportation, and Lafayette Investments, Inc., and fictitious parties A, B and C and/or D, E, and F, and/or J, K, and L, in the amount of $75,000.00, and costs."

    3. At no point in the Complaint filed by the Plaintiff does he expressly allege that the amount in controversy is less than $75,000.00; rather, he distinctly asks for $75,000.00, and costs, separately in each of the four counts of the Complaint. Because of this, the Defendants assert that the amount in controversy requirement was met at the time of removal and that this case should not be remanded to state court.

    4. Whether a federal court has jurisdiction over a removed lawsuit depends upon the pleadings at the time of removal. See, *Poore v. American-Amicable Life Insurance Co. of Tex.*, 218 F.3d 1287, 1290-91 (11th Cir. 2000). "If jurisdiction was proper at that date, subsequent events, even the loss of the required amount in controversy, does not divest the court of jurisdiction." *Leonard v. Enterprise Renta-A-Car*, 279 F.3d 967, 972 (11th Cir. 2002)(citing *Poore*, 218 F.3d at 1291).

    5. In support of the Motion to Remand, Plaintiff's counsel has submitted his own

affidavit, as well as an affidavit from the Plaintiff. In summary, the Plaintiff and his attorney allege that the damages sought in the four counts of the Complaint "were not intended to be cumulative claims of damages but rather, separate legal contentions as a basis of Plaintiff's total damages, which do not exceed $75,000.00." (See Affidavit of Henry F. Lee). The Plaintiff and his attorney also agree to waive any claim for damages in this case which exceed $75,000.00.

6. The Defendants assert that the Complaint, at the time it was filed, clearly stated an amount in controversy totaling $300,000.00 rather than the $75,000.00 now alleged by the Plaintiff. Each count of the Complaint set out its own specific amount of damages.[2] While the Plaintiff would like to now essentially amend his Complaint to state a prayer for relief limiting his damages to $75,000.00, that is not what was originally sought in this case.

7. Based on the foregoing, the Defendants respectfully request this Honorable Court to deny the Plaintiff's Motion to Remand in this case. The Complaint filed by the Plaintiff originally expressly states an amount in controversy of the jurisdictional requirement of $75,000.00. The Court must evaluate whether this case was properly removed based on the status of the pleadings at the time of removal, not solely based on the consideration of post-

---

[2]Defendant notes that Counts 1, 2 and 3 of the Complaint also assert claims of "wantonness." Although Count 1 only seeks the recovery of compensatory damages in the prayer for relief, Counts 2 and 3 do not specify whether they are seeking compensatory and/or punitive damages. A claim of wantonness, if proven under Alabama law, can serve as a basis for the recovery of punitive damages. This would make the claims containing wantonness claims which are not expressly limited to the recovery of compensatory damages separate and distinct from Count 1 which only seeks the recovery of "compensatory damages."

removal evidence. The Court may consider "post-removal evidence" in determining the propriety of removal. However, "'the jurisdictional facts that support removal must be judged at the time of the removal, and any post-petition affidavits are reliable only if relevant to that period of time.'" *Sierminski v. Trans South Fin. Corp.*, 216 F.3d 945, 949 (11th Cir. 2000)(quoting *Allen v. R & H Oil Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995). Under these standards, the case was properly removed and the Plaintiff's Motion to Remand should be denied.

Respectfully submitted this the 24th day of October, 2006.

/s/S. Anthony Higgins
S. ANTHONY HIGGINS
Attorney for Defendants

OF COUNSEL:
NIX HOLTSFORD GILLILAND HIGGINS & HITSON, P.C.
P. O. Box 4128
Montgomery, Alabama 36103
Tel: 334-215-8585
Fax: 334-215-7101

**CERTIFICATE OF SERVICE**

I hereby certify that on the 24th day of October, 2006, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

Henry F. Lee, III, Esq.
P. O. Box 129
Geneva, AL 36340

/s/S. Anthony Higgins
OF COUNSEL